(28 App. Div. 629.)

### WILMERDING et al. v. JARMULOWSKI.

(Supreme Court, Appellate Division, First Department. April 15, 1898.)

FRAUDULENT CONVEYANCES—BURDEN OF PROOF.

The burden is on one seeking to set aside a conveyance as fraudulent to show by a clear preponderance of credible proof that the grantee had actual notice of the fraudulent intent of the grantor, or knowledge of circumstances equivalent to such notice; and a suspicion of the bona fides of the transaction is not sufficient on which to rest a judgment setting it aside.

Appeal from special term.

Action by John C. Wilmerding and others against Sender Jarmulowski. There was a judgment for defendant, and plaintiffs appeal. Affirmed.

The following is the opinion of the court below (BEEKMAN, J.):

By the decision of the general term reversing a judgment for the plaintiffs in this action, and ordering a new trial, it was held that, in order to sustain a recovery here, it must appear that the defendant, at the time of the conveyance, had actual notice of the fraudulent intent of the grantor, or knowledge of circumstances which are equivalent to such notice. Wilmerding v. Jarmulowsky, 85 Hun, 285, 32 N. Y. Supp. 983. The burden of proof in this regard rests upon the plaintiffs. The defendant denies any such notice, and also knowledge of the circumstances on which the plaintiffs rely to establish guilty participation in the fraud. The plaintiffs chiefly depend upon the evidence of the fraudulent debtor and grantor; but, without going into detail, it is enough to say that, after a careful consideration of his testimony, I entertain such doubt with respect to his credibility as a witness that I am unwilling to give his evidence as great weight as that of the defendant, whose statements are not inconsistent with any conceded fact proven in the case. Indeed, the dealings of the defendant with the property after the conveyance, especially the expenditure by him of some $13,000 upon it, to which attention is called in the opinion of the general term, tends to support his claim of good faith in the matter. While there may be suspicion of the bona fides of the transactions, that is not enough on which to rest a judgment. The plaintiffs are bound to make out their case by a clear preponderance of credible proof,—a burden which, I think, they have failed to sustain. The complaint must therefore be dismissed, with costs.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

E. Blumenstiel, for appellants.

D. McClure, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of the court below.